MASON, Plaintiff-Appellee, v. RENSHAW, d. b. a. LIBERTY RESTAURANT, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1843.   Decided May 17, 1945.

Biegel & Mahrt, Dayton, for plaintiff-appellee.
H. M. Eikenbary, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of. the court of Common Pleas of Montgomery County, Ohio, affirming a judgment of the Municipal Court of the City of Dayton, Ohio, granting a writ of restitution to the plaintiff for certain premises claimed to have been illegally detained by the defendant.

Counsel for defendant, early in the trial, stated his defense, which, after admitting the service of notice "as well as possession of the subject matter of this action, namely; a restaurant, with all its appurtenances, etc." generally denied the statement of claim.

In this Court, by a short brief and by a supplemental brief, counsel for appellant suggests that the proof establishes

that the possession of the defendant and his associate was under a parol lease, which may be found to be valid for a period of one year.

Judge Wolff of the Municipal Court handed down a written decision, which took cognizance of the only defense which the record supports in any particular, namely: that the plaintiff proceeded against the improper party defendant.

We have carefully read the Bill of Exceptions and find not one word, if credence be given to all of the testimony in behalf of the defendant, which tends to support any contract which could be construed to be more than a rental from month to month.

The defendant-appellant and a Mr. George Fuduloff, whom it was claimed was a partner of Renshaw, both testified that the plaintiff said to Mr. Renshaw in the presence of Fuduloff, "to go ahead and fix it (the room) up and if anybody says anything, it is all right". This statement was made after another conversation between plaintiff and defendant wherein the plaintiff told the defendant that he had purchased the premises in question, and that he wanted the place himself, but that he would come back and let Renshaw know his final decision which he did the same day.

The plaintiff denies that he made the statement imputed to him and insists that at all times he told the defendant that he did want the property "for certain in the summer" succeeding the date of purchase.

It will be noted that there is nothing in the conversation which fixes any tenure of rental or which could be construed to grant to the renter the right to hold over for more than from month to month.

Judge Wolff was correct in the conclusion that the plaintiff knew no lessor but the defendant, Renshaw; that he rented to no one else, and there is nothing in the record which would give any support to the claim that the plaintiff rented to a partnership instead of to the individual, Renshaw.

There is not a semblance of defense suggested by proof in this action.

The judgment will be affirmed.

An application has been filed in this appeal for an allowance of $25.00 attorneys' fees to counsel for appellee and damages in the sum of $200.00 for the reason that there was no reasonable cause for this appeal, etc. The same section of the §12223-36 GC, which authorizes the fixing of attorney fees and the awarding of damages not to exceed $200.00, further provides that:

"If the appellate court certify in its judgment that there was reasonable cause for the appeal, neither such fee, additional interest, nor penalty, shall be taxed, adjudged or awarded."

This section evidently is framed on the hypothesis that unless the Court can make the certificate in accordance with the language heretofore quoted, it should, as a matter of right, award some counsel fees and may adjudge damages in a sum not to exceed $200.00. In the instant case we cannot, in any view of the record, support the appeal in the first instance to the Common Pleas Court and, certainly, there is not the shadow of basis for the second appeal to this court.

We, therefore, feel obliged to give some consideration to the language and the spirit of §12223-36 GC. Tenants should not be permitted to use the processes of the law to keep the landlord out of rightful possession of his property, when the tenant has no ground whatever for detention of the premises.

We will fix $25.00 counsel fees for plaintiff-appellee's attorney and $25.00 damages for the prosecution of the appeal without reasonable ground therefor, which sums may be taxed as additional costs against the defendant-appellant.

The facts in this case would permit the fixing of damages in a larger sum than herein determined, but we have taken notice of the fact that the landlord herein, immediately upon the acquisition of the premises, raised the rent thereof from $50.00 to $75.00. This was an increase of 50%, which, to say the least, was substantial and substantially reduced the damages suffered.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.